**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mary Ramona FLORES, Defendant–**
**Appellant.**

**No. 93–2340.**

United States Court of Appeals,
Tenth Circuit.

Jan. 31, 1995.

Rehearing Denied March 2, 1995.

Presiliano A. Torrez, Supervisory Asst. U.S. Atty. for D. N.M., Las Cruces, NM (John J. Kelly, U.S. Atty. for D. N.M., with him on the brief) for plaintiff-appellee.

Roger A. Finzel, Asst. Federal Public Defender, Albuquerque, NM, for defendant-appellant.

Before TACHA, McKAY, and BALDOCK Circuit Judges.

TACHA, Circuit Judge.

On March 21, 1993, defendant Mary Ramona Flores was stopped by Border Patrol Agent Luis Armendariz at a United States Border Patrol immigration checkpoint on Interstate 25 north of Las Cruces, New Mexico. Because defendant appeared nervous to Agent Armendariz, the agent retained defendant's driver's license and vehicle registration and directed her to the secondary inspection area, where he asked for her consent to search her automobile. Defendant consented to the search and opened the trunk of her car. While Armendariz searched the trunk, defendant nervously paced behind him. As Armendariz turned toward defendant to ask her to step away from the car during the search, she slammed the trunk closed. Armendariz informed defendant that he had not finished searching her car and told her to reopen the trunk. After a brief hesitation, defendant reopened her trunk without comment. Armendariz resumed searching defendant's car, discovered marijuana concealed in the door frame, and arrested defendant.

Defendant moved to suppress the evidence seized from the search of her car, claiming that she revoked her consent to search by closing the trunk and did not voluntarily consent to a resumption of Armendariz's search. After the district court denied the motion, defendant entered a conditional guilty plea to possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). She appeals the district court's denial of her motion to suppress evidence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

### Standard of Review

■ When reviewing a district court's denial of a motion to suppress evidence, we accept the district court's factual findings, *United States v. Greenspan*, 26 F.3d 1001, 1004 (10th Cir.1994), and determinations of witness credibility, *United States v. Erickson*, 732 F.2d 788, 790 (10th Cir.1984), unless they are clearly erroneous. Moreover, we view the evidence in the light most favorable to the district court's ruling. *United States v. Soto*, 988 F.2d 1548, 1551 (10th Cir.1993). "The ultimate determination of reasonableness under the Fourth Amendment, however, ... is reviewed de novo." *United States v. Nicholson*, 983 F.2d 983, 987 (10th Cir.1993).

### Discussion

■ The district court found that defendant initially consented to the search of her car, and defendant does not contest this finding.[1] Defendant alleges, however, that by closing the trunk she revoked her consent. *Cf. United States v. Ibarra*, 955 F.2d 1405, 1411 (10th Cir.1992) (speculating that a defendant may have revoked his consent by closing and locking the trunk of his vehicle). The district court held that her closing of the trunk did not withdraw her consent to the search. Because we hold that defendant voluntarily consented to the continued search of her car by reopening the trunk, we assume, without deciding, that defendant revoked her initial consent by closing the trunk.

■ When the government relies on a defendant's consent for the validity of a search, the government bears the burden of proving that defendant's consent was freely and voluntarily given, *United States v. Sandoval*, 29 F.3d 537, 539 (10th Cir.1994), and was not given under duress or coercion, *Soto*, 988 F.2d at 1557. In this case, we must first determine whether defendant consented to the search by reopening the trunk. We make this determination using an objective reasonableness standard. *United States v. Waupekenay*, 973 F.2d 1533, 1535 (10th Cir. 1992). In other words, the question is whether a reasonable law enforcement officer

---

1. The government correctly does not argue that the search was lawful because it took place at a permanent border checkpoint. The search of defendant's vehicle exceeded the scope of inspection allowed at a routine checkpoint stop. *See United States v. Rascon–Ortiz*, 994 F.2d 749, 754 (10th Cir.1993) ("A routine checkpoint stop includes a visual inspection of the vehicle, but the inspection 'is limited to what can be seen without a search.' ") (quoting *United States v. Martinez–Fuerte*, 428 U.S. 543, 558, 96 S.Ct. 3074, 3083, 49 L.Ed.2d 1116 (1976)). Thus, Agent Armendariz needed probable cause, reasonable suspicion, or defendant's consent to conduct this search. *Id.* at 753.

would have understood from the exchange between defendant and Armendariz that defendant again consented to the search of her car. *Id.*

If defendant consented to the search, we must next determine whether her consent was voluntary. The voluntariness of defendant's consent to a search of her vehicle is a question of fact. *United States v. Sanchez–Valderuten,* 11 F.3d 985, 989–90 (10th Cir. 1993). In assessing whether her consent was voluntary, we must examine the totality of the circumstances surrounding the search. *United States v. Lowe,* 999 F.2d 448, 451 (10th Cir.1993).

Defendant contends that her act of reopening the trunk was not an expression of voluntary consent to a resumption of the search. Defendant reopened the trunk, she alleges, merely in acquiescence to an order from a law enforcement officer. *See United States v. Rodriguez,* 525 F.2d 1313, 1315–16 (10th Cir.1975) (no voluntary consent to search where border patrol agents boarded bus and ordered defendant to identify and open his luggage). Defendant testified at the suppression hearing that she did not think she was free to refuse to open the trunk.

According to Armendariz's testimony at the suppression hearing, he asked defendant for permission to search the entire vehicle. After an initial search of the trunk, Armendariz turned away from the trunk and toward defendant, who was pacing behind him. Defendant's testimony at the suppression hearing indicates that because she believed Armendariz had completed his search she then closed the trunk. Armendariz stated to defendant that he had not finished searching the trunk and told her to open it. After a brief hesitation, defendant reopened the trunk. Armendariz testified that he did not ask for defendant's consent again because she had already consented, and he was merely informing her that he had not finished. According to Armendariz, he believed that defendant's hesitation before reopening the trunk was only another manifestation of the nervousness defendant displayed during the entire encounter.

After hearing the testimony of both defendant and Armendariz, the district court found that Armendariz's testimony was credible and that defendant's testimony was not. Our review of the record reveals that the district court's credibility findings were not clearly erroneous.

Again, the dispositive issue is whether a reasonable law enforcement officer would have understood defendant's actions to indicate her voluntary consent to the search. *Waupekenay,* 973 F.2d at 1535. Given the totality of the circumstances surrounding the encounter, we find that Armendariz's conclusion that defendant's reopening of the trunk indicated her voluntary consent to a continuation of the search was reasonable. First, defendant initially consented to a search of the entire vehicle and its contents. Second, until the point at which she closed the trunk, she was cooperative with Armendariz and did not say anything to indicate that her cooperation was not voluntary. Importantly, defendant does not allege that Armendariz applied overt coercion through threats or physical contact. *See Sanchez–Valderuten,* 11 F.3d at 990 (discussing different factors to consider when determining voluntariness of consent). Armendariz did not display his weapon and the search took place during the day near a public highway. *See id.* Although Armendariz did not inform defendant of her right to refuse consent, this failure is only one factor to consider. *Id.* Finally, even though Armendariz had not returned defendant's driver's license and registration to her, valid consent may be given by a person being detained. *Nicholson,* 983 F.2d at 988.

Based on the totality of the circumstances and viewing the evidence in the light most favorable to the government, we find that a reasonable border patrol agent would have understood defendant's act of reopening the trunk to indicate her consent to resume the search. *See United States v. Benitez,* 899 F.2d 995, 998 (10th Cir.1990) (holding that defendant who did not verbally assent to search nonetheless voluntarily consented by opening trunk and suitcase). We further hold that defendant's consent was voluntary.

The district court's denial of defendant's motion to suppress evidence is **AFFIRMED.**