56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose A. CHAVEZ-MEJIA, Defendant-Appellant.
 No. 94-2226.
(D.C. No. CR-94-163-HB)
 United States Court of Appeals, Tenth Circuit.
 June 6, 1995.
 
 1
 Before TACHA, HOLLOWAY, Circuit Judges, and ELLISON,[2] Senior District Judge.
 
 
 2
 Defendant Jose Alfredo Chavez-Mejia appeals the denial of his motion to suppress evidence. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 Background
 
 3
 On February 20, 1994, defendant was stopped at a temporary Border Patrol checkpoint located at milemarker 13 on New Mexico Highway 11. The checkpoint consisted of a marked Border Patrol van, a marked chase vehicle, orange cones, flashing lights, and warning signs. The uniformed Border Patrol agents who operated the checkpoint stopped every vehicle that passed through the checkpoint for routine questioning about the occupants' citizenship.
 
 
 4
 During the stop of defendant's vehicle, a Border Patrol agent asked for and received consent to search the vehicle. Upon discovering twenty-nine pounds of marijuana in the front fenders of the vehicle, the agent arrested defendant. Defendant moved to suppress the evidence seized by the Border Patrol agents. After the district court denied defendant's motion, he entered a conditional guilty plea to possession with intent to distribute less than fifty kilograms of marijuana. Defendant now appeals the district court's denial of his motion to suppress evidence, alleging (1) that his detention at the roadblock was an unreasonable seizure in violation of the Fourth Amendment under the standards enunciated by the Supreme Court in United States v. Martinez-Fuerte, 428 U.S. 543 (1975), and (2) that the location and operation of the roadblock was an abuse of the Border Patrol's discretion.
 
 Standard of Review
 
 5
 "When reviewing a district court's denial of a motion to suppress evidence, we accept the district court's factual findings and determinations of witness credibility unless they are clearly erroneous." United States v. Flores, 48 F.3d 467, 468 (10th Cir.1995) (citations omitted). We also "view the evidence in the light most favorable to the district court's ruling." Id. "The ultimate determination of reasonableness [of a seizure under the Fourth Amendment], however, is a conclusion of law that we review de novo." United States v. Pena, 920 F.2d 1509, 1513-14 (10th Cir.1990), cert. denied, 501 U.S. 1207 (1991).
 
 Disposition
 
 6
 After reviewing the record, we find no clear error in the district court's factual findings. Moreover, our analysis of the applicable law convinces us that the district court analyzed the motion correctly. We therefore AFFIRM the denial of defendant's motion to suppress evidence for substantially the reasons articulated in the district court's Memorandum Opinion and Order, a copy of which we attach to this order.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable James O. Ellison, Senior District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation