72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher L. SCOTT, Defendant-Appellant.
 No. 94-5231.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1995.
 
 Before EBEL, HOLLOWAY and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 KELLY, Circuit Judge.
 
 
 1
 Mr. Scott was convicted by a jury of possessing a firearm after a former felony conviction, 18 U.S.C. 922(g)(1) and 924(a)(2), and sentenced to 45 months' incarceration. He appeals the trial court's denial of his motion to suppress a firearm obtained from a car in which he was a passenger and ammunition obtained from his pocket. The parties are familiar with the facts and we need not restate them here.
 
 
 2
 When reviewing a district court's denial of a motion to suppress evidence, we accept the district court's factual findings unless they are clearly erroneous, and we view the evidence in the light most favorable to the district court's ruling. United States v. Flores, 48 F.3d 467, 468 (10th Cir.), cert. denied, 116 S.Ct. 122 (1995). The ultimate determination of whether a search and seizure was reasonable under the Fourth Amendment is a question of law we review de novo. Id. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 A.
 
 3
 An officer may temporarily detain a suspect to further investigate alleged criminal activity if the officer can assert "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio, 392 U.S. 1, 21 (1968); see also United States v. Eylicio-Montoya, 18 F.3d 845, 848 (10th Cir.1994). Once a Terry stop occurs, the scope of the detention must be "reasonably related in scope to the circumstances which justified the interference in the first place." Terry, 392 U.S. at 20. However, it is clear that during a Terry stop officers may take reasonable measures necessary to protect themselves, including drawing their weapons, United States v. Merritt, 695 F.2d 1263, 1273 (10th Cir.1982), cert. denied, 461 U.S. 916 (1983); directing the suspect to lie on the ground, United States v. Perdue, 8 F.3d 1455, 1463 (10th Cir.1993); and applying handcuffs to allow "the police to freeze temporarily a potentially dangerous situation," United States v. Merkley, 988 F.2d 1062, 1064 (10th Cir.1993). Provided public safety or the safety of the officers is involved, such measures do not transform the Terry stop into an arrest for which probable cause is required. See Merritt, 695 F.2d at 1274.
 
 
 4
 The district court noted that on the day in question Mr. Scott had threatened police, IV R. 128; was reported wandering around the apartment complex carrying guns and threatening to "get someone," id. at 129, 151; attempted to avoid detention by police by urging the driver of the car in which he was a passenger not to stop when pursued by police, id. at 97, 131; and appeared to hide something under his car seat when police detained the vehicle, id. at 98-99, 132. Once the officers succeeded in halting the vehicle, Mr. Scott was removed, patted down, handcuffed and forced to lie on the ground. We accept these factual findings because they are not clearly erroneous, Flores, 48 F.3d at 468, and have little difficulty in concluding that they reasonably warranted Mr. Scott's detention and further investigation. Terry, 392 U.S. at 21.
 
 B.
 
 5
 Regarding seizures during a Terry stop, officers may pat down a detained suspect and seize contraband the contour or mass of which "makes its identity immediately apparent." Minnesota v. Dickerson, 113 S.Ct. 2130, 2137 (1993). In this case, Officer Arning testified that, during his pat-down of Mr. Scott, he recognized by touch the items in Mr. Scott's pockets as bullets. IV R. 134-35. In light of the investigation under way and the safety ramifications of allowing Mr. Scott to retain the ammunition, the officer was justified in seizing the bullets. See Terry, 392 U.S. at 29 (officer may make limited search for weapon and seize same).
 
 
 6
 Finally, the search of the car and seizure of the firearm were legitimately premised on the consent of the car's owner. IV R. 99. As a passenger, Mr. Scott had no reasonable expectation of privacy in a car in which he claimed neither a property nor possessory interest and, therefore, no standing to challenge to the search. Eylicio-Montoya, 18 F.3d at 850; see also Rakas v. Illinois, 439 U.S. 128, 148 (1978). Even assuming Mr. Scott had standing to challenge the search, the totality of circumstances at that point, including now the seizure of ammunition from Mr. Scott, would have constituted a reasonable basis for the officers to search the vehicle. See, e.g., Michigan v. Long, 463 U.S. 1032, 1052 (1983) (recognizing that a Terry suspect could break away from police control and retrieve a weapon from the car).
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)