73 F.3d 374
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis C. MASON, Defendant-Appellant.
 No. 95-6168.
 United States Court of Appeals, Tenth Circuit.
 Dec. 26, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK and BRISCOE, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant Dennis C. Mason was indicted on one count of possession with intent to distribute approximately twelve ounces of cocaine base in violation of 21 U.S.C. 841(a)(1). Defendant entered a conditional plea of guilty under Fed.R.Crim.P. 11(a)(2), reserving his right to appeal the district court's denial of his motion to suppress evidence seized during a search of his luggage at the Oklahoma City airport. The district court sentenced Defendant to 48 months imprisonment, and Defendant appealed. Our jurisdiction arises under 28 U.S.C. 1291.
 
 
 2
 When reviewing a district court's order denying a motion to suppress, we view the evidence in a light most favorable to the government. We accept the court's findings of historical fact, including determinations of witness credibility, unless those findings are clearly erroneous. United States v. Flores, 48 F.3d 467, 468 (10th Cir.), cert. denied, 116 S.Ct. 122 (1995). We review the ultimate determination of reasonableness under the Fourth Amendment de novo. United States v. Little, 18 F.2d 1499, 1503 (10th Cir.1994) (en banc).
 
 
 3
 The district court held a hearing on Defendant's motion to suppress at which Defendant and Officer Bo Leach of the Oklahoma City police department testified. The court made thorough findings of fact in accordance with Fed.R.Crim.P. 12(e), and found Officer Leach's testimony more credible than Defendant's. The district court concluded that the initial contact between Defendant and Officer Leach was consensual and that Defendant voluntarily consented to a search of his luggage. As a result, the district court denied Defendant's motion to suppress.
 
 
 4
 We have reviewed the briefs of the parties, the transcript of the suppression hearing, the district court's order, and the entire record before us. Based upon our review, we find no error and AFFIRM for substantially the same reasons set forth in the district court's order.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument