**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FORTINO GARCIA HERNANDEZ,

Defendant-Appellant.

No. 97-4143
(D.C. No. 96-CR-76-01)
(D. Utah)

---

ORDER AND JUDGMENT  *

---

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Fortino Garcia Hernandez appeals following his entry of a plea of guilty to a charge of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). After the court denied his motion to suppress, see United States v. Garcia Hernandez, 955 F. Supp. 1361 (D. Utah 1996), defendant pleaded guilty reserving the right to appeal that order.

On appeal, defendant contends that his detention was illegal as it exceeded the scope of the original traffic stop and, therefore, his subsequent consent to search was involuntary. He also argues that his consent did not include the trunk of the car and the drugs found in the trunk should not be admissible evidence.

In reviewing a district court's denial of a motion to suppress, we accept the court's factual findings unless clearly erroneous and view the evidence adduced at the suppression hearing in the light most favorable to the government. See United States v. Botero-Ospina, 71 F.3d 783, 785 (10th Cir. 1995). The ultimate determination of the reasonableness of a Fourth Amendment search and seizure is a question of law reviewed de novo. See id.

Defendant was the passenger in a car stopped by a Utah Highway Patrol Trooper because it did not have a lighted rear license plate as required by state law. See Utah Code Ann. § 41-6-120(b). Defendant indicated he owned the vehicle and gave the officer a title to the vehicle which named another person as owner and as transferor of title. However, no name was in the transferee block.

The officer decided to search the vehicle because he suspected the car was stolen and wanted to find any documents indicating the rightful owner. He also suspected an open container of alcohol was present because he saw four unopened cans of beer in the vehicle and smelled alcohol while talking to the men. Further, he suspected the men might be involved in drug trafficking because (1) defendant and the driver gave conflicting stories of where they lived; (2) the amount of luggage in the back seat was inconsistent with the driver's explanation that he was moving to Utah; (3) the men were traveling together, a method used by drug traffickers to keep track of each other and the drugs; and (4) lack of proof of ownership of a vehicle is common in drug trafficking.

Both defendant and the driver granted the officer permission to search the vehicle. After searching the inside of the car, the officer decided to search the trunk. He found a package wrapped in duct tape under a roll of duct tape and opened it. The package contained marijuana and methamphetamine.

The record supports the facts recited and we find no clear error. We, therefore, review the district court's application of the law to these facts. Defendant does not contend that the initial stop was in error. See Terry v. Ohio, 392 U.S. 1, 19-20 (1968) (valid Fourth Amendment traffic stop must be justified at inception and subsequent search must be reasonably related to circumstances

which originally justified stop).  The officer's observation of the state law violation justified the initial stop.  See Botero-Ospina , 71 F.3d at 787 .

Defendant asserts his detention exceeded the scope of the stop.  An officer may detain a vehicle and conduct further questioning if, during the traffic stop, he "acquires an objectively reasonable and articulable suspicion" that illegal activity is involved or if the individual asserting a possessory interest in the vehicle "voluntarily consents to the officer's additional questioning."  United States v. Sandoval , 29 F.3d 537, 540 (10th Cir. 1994) (discussing driver of vehicle as individual with authority to consent to search).  The record contains no evidence suggesting that defendant, the alleged owner of the car, did not consent to further questioning.  Further, the officer articulated an objectively reasonable suspicion to continue his questioning.

The scope of a vehicle search "is generally defined by its expressed object, and is limited by the breadth of the consent given."  United States v. Elliott , 107 F.3d 810, 814-15 (10th Cir. 1997) (quotations omitted).  The officer testified that he asked to search the entire vehicle.  Defendant testified that the officer asked to search the inside of the car and did not mention the trunk.  The driver testified that he gave the officer permission to search the car, by which he meant the passenger compartment.  The district court determined the officer's testimony was more credible and he had consent for the search as conducted.

-4-

"If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." United States v. Ross, 456 U.S. 798, 825 (1982). Further, defendant and the driver watched as the officer conducted his search, and raised no objection when he opened the trunk. "[A] failure to object to the continuation of a search indicates that the search was conducted within the scope of the consent given." United States v. Santurio, 29 F.3d 550, 553 (10th Cir. 1994); see also United States v. Anderson, 114 F.3d 1059, 1065 (10th Cir. 1997). Defendant and the driver presented no testimony that the officer attempted to intimidate or coerce or threaten them. See, e.g., United States v. Flores, 48 F.3d 467, 469 (10th Cir. 1995) (lack of intimidation or coercion significant to finding consent voluntary). The district court's conclusion that the scope of the search did not exceed the scope of the consent given is supported by the evidence.

No reversible error being present, we AFFIRM the judgment of the district court.

Entered for the Court


Michael R. Murphy
Circuit Judge