**Duane Wendell HOLDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67553.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 1, 1981.

---

The record reflects that appellant pled guilty to the primary offense and was granted deferred adjudication by the trial court. See Art. 42.12, Sec. 3d, supra. Subsequently, the trial court conducted a hearing and proceeded with an adjudication of appellant's guilt. Appellant violated the terms of his probation by possessing a usable quantity of marihuana less than two ounces.

Appellant argues that the evidence recovered and used against him *at the hearing* to determine whether to adjudicate guilt was the result of an illegal search and seizure. We simply cannot reach this contention. Although the appellant was "entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge," by the express provisions of Art. 42.12, Sec. 3d(b), *no appeal may be taken from this determination.* Any complaint with this procedure is more properly directed to the legislature as it alone has vested the trial court with such discretion under Art. 42.12, sec. 3d(b).

The judgment is affirmed.

---

Ray Epps, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Bill Willms, and Molly Childs, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from an order of the trial court adjudicating appellant's guilt under the provisions of Art. 42.12, Sec. 3d(b), V.A.C.C.P. Punishment, for the primary offense of possession of over four ounces of marihuana, was assessed at confinement for two years.