**16**

Leonard Odell CAZEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–82–163–CR.

Court of Appeals of Texas,
Waco.

Dec. 30, 1982.

Stephen G. Johnson, Anderson & Johnson, Marlin, for appellant.

Thomas B. Sehon, Dist. Atty., Marlin, for appellee.

HALL, Justice.

On July 14, 1980, appellant was convicted on his plea of guilty for the offense of driving while intoxicated, and his punishment was assessed by the court at confinement in jail for one year. Appellant was granted deferred adjudication on this offense and placed on probation under the provisions of Vernon's Ann. C.C.P. art. 42.-12, § 3d. The conditions of probation provided, among others, that appellant not commit any offense against the laws of this state. Subsequently, on March 19, 1981, the trial court conducted a hearing and proceeded with an adjudication of appellant's guilt upon the finding that appellant committed an offense against the laws of this state on January 31, 1981, by driving a motor vehicle upon a public highway in Robertson County while he was intoxicated. Appellant brought this appeal.

■ Appellant contends the trial court erred in revoking his probation because the evidence is insufficient to support the finding that he committed the secondary offense of driving while intoxicated on January 31, 1981. Although Appellant was "entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge," Article 42.12, § 3d(b), by the express provisions of "No appeal may be taken from this determination." Therefore, we cannot reach appellant's contention. *Holder v. State,* 618 S.W.2d 80, 81 (Tex.Cr. App.1981).

■ Even if granted review, appellant's contention is without merit. The arresting

officer on the secondary offense testified that at about 9:15 p.m. on January 31, 1981, he observed appellant driving a green 1966 Chevrolet automobile on State Highway 6 in the City of Hearne, Robertson County, Texas. He said: "The vehicle was driving extremely erratic. Crossing the center stripe and coming back across the white lane divider between the northbound lanes, crossing both the center stripe and white lane divider several times. When I originally turned on the overhead lights, the vehicle pulled to the right hand lane—the right hand northbound lane—at which time I followed the vehicle to that lane. The vehicle failed to respond to the overhead lights. It was approximately 6 miles before the car was overtaken and driven off the highway. He crossed the white lane divider for the northbound lanes on several occasions on Highway 6. He would weave back and forth across the white line. When the overhead lights were turned on, the car turned on to the right hand lane and accelerated his speed and turned on to Highway 79 toward Franklin .... Highway 6 and Highway 79 are public roads." After the officer stopped appellant's vehicle and appellant exited from it, the officer observed that appellant was having difficulty keeping his balance and was holding onto the vehicle, that he was swaying badly when he stood with support of the vehicle, that his eyes were very dilated and bloodshot, and that he had a strong odor of alcoholic beverage on his breath. The officer expressed the opinion that appellant was "very intoxicated." This testimony amply supports the trial court's finding on the secondary offense and the order revoking probation.

The judgment is affirmed.