Dismissed and Memorandum Opinion filed April 27, 2004









Dismissed and Memorandum Opinion
filed April 27, 2004.

 




 
 
  
 
 




In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-03-00422-CR &

                                    14-03-00490-CR

_______________

 

BARRY ALTON CROOKS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________

 

On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause Nos. 02CR0981 &
02CR1089

____________________________________________________

 

M E M O R A N D
U M   O P I N I O N

In this consolidated appeal, appellant Barry Alton Crooks
appeals two convictions for possession of cocaine.  He contends the trial court erred
by granting the State=s motion
to adjudicate guilt based upon evidence he alleges was illegally obtained and insufficient to support
his convictions.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We dismiss for
want of jurisdiction.








Background

On July 23, 2002, appellant pled guilty to possession of
cocaine in two cases and was placed on deferred adjudication community
supervision for five years.  On September
15, 2002, appellant was arrested in another incident for possession of
cocaine.  The State filed a motion to
adjudicate guilt in both of the original cases, alleging, among other matters,
that appellant violated the terms of his community supervision by committing
the latter offense of possession of cocaine. 
After the State rested at the hearing to adjudicate guilt, appellant
moved for the latter possession of cocaine allegation to be dismissed, alleging
the State had not proven appellant knew the substance in his possession was
cocaine, and the evidence supporting the allegation had been illegally
obtained.  The trial court overruled the
motion.  The trial court later found the
latter possession of cocaine allegation to be true, found all the other
allegations to be not true, and convicted appellant of the original possession
of cocaine charges.




Discussion








In two issues, appellant argues the evidence used against him
at the hearing was illegally obtained, and the evidence was insufficient to
prove appellant knowingly possessed a controlled substance.  However, it is well settled that no appeal
may be taken from a trial court=s determination to proceed with an adjudication of
guilt.  Tex.
Code Crim. Proc. Ann. Art. 42.12 ' 5(b) (Vernon Supp. 2004).  This includes claims that evidence admitted
at the adjudication hearing was illegally obtained, Porter v. State, 93
S.W.3d 342, 344 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (citing Holder v. State,
618 S.W.2d 80, 81 (Tex. Crim. App. [Panel Op.] 1981), as well as claims that
the evidence supporting the trial court=s decision to adjudicate guilt was
insufficient.  Williams v. State,
592 S.W.2d 931, 932 (Tex. Crim. App. [Panel Op.] 1979).  Because appellant may not appeal the trial
court=s decision to adjudicate his guilt,
we have no jurisdiction to address his issues. 
Accordingly, we dismiss for want of jurisdiction.     

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed April 27, 2004.

Panel consists of
Justices Edelman, Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).