NO. 07-04-0256-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 25, 2005

______________________________

LEO GREEN, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 44,632-A; HON. HAL MINER, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant Leo Green appeals from a judgment revoking his community supervision and adjudicating him guilty of aggravated assault with a deadly weapon.  The record discloses that the trial court previously deferred appellant’s adjudication of guilt for that offense and placed him on community supervision.  Thereafter, the State moved to have his guilt adjudicated.  The five issues before us involve whether the trial court 1) could entertain the prosecution’s amended motion to proceed with an adjudication of guilt and 2) was required to suppress evidence used to illustrate that he breached the terms of his community supervision.  We dismiss for want of jurisdiction.

No appeal may be taken from a trial court’s determination to proceed with an adjudication of guilt.  
Tex. Code Crim. Proc. Ann.
 art. 42.12 §5(b) (Vernon Supp. 2004-05).  This prohibition includes complaint about errors 
in the adjudication process, 
Connolly v. State, 
983 S.W.2d 738, 741 (Tex. Crim. App. 1999), which, in turn, encompasses complaint about whether the State improperly amended its motion to proceed with the adjudication of guilt.  
Few v. State, 
136 S.W.3d 707, 715 (Tex. App.
–
El Paso 2004, no pet.).  So too does it encompass allegations regarding whether the evidence used to justify the adjudication of guilt was obtained improperly and, therefore, subject to suppression.  
Holder v. State, 
618 S.W.2d 80, 81 (Tex. Crim. App. 1981).
  Since all the issues raised by the appellant at bar fall within the categories described in either 
Connolly
, 
Few
, or 
Holder
, we have no jurisdiction to address them and must dismiss the appeal.

  
 Accordingly, the appeal is dismissed for want of jurisdiction.

Brian Quinn 

Chief Justice

Do not publish.