**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald Kirk MERKLEY,**
**Defendant–Appellant.**

**No. 92–4059.**

United States Court of Appeals,
Tenth Circuit.

March 22, 1993.

Rehearing Denied May 5, 1993.

G. Fred Metos, Salt Lake City, UT, for defendant-appellant.

David J. Jordan, U.S. Atty., and Bruce C. Lubeck, Asst. U.S. Atty., Salt Lake City, UT, for plaintiff-appellee.

Before ANDERSON, BARRETT, and TACHA, Circuit Judges.

TACHA, Circuit Judge.

Ronald Kirk Merkley pleaded guilty to one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count

---

of possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). Mr. Merkley entered those pleas pursuant to Fed.R.Crim.P. 11(a)(2), thereby preserving his right to appeal the district court's prior denial of his motion to suppress certain evidence allegedly obtained in violation of the Fourth Amendment. Merkley has perfected that appeal. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

On February 21, 1991, Melissa H. Dean, a bank employee, observed two men in a white pickup truck parked in a nearby lot as she returned to work from an appointment. Ms. Dean observed the driver, Merkley, yelling, laughing loudly, and beating his hands on the truck's dashboard. As she walked by the truck, she heard Merkley say, "I can't believe it, I'm going to kill her." After entering the bank, Ms. Dean asked the other employees to watch the vehicle. Upon observing similar behavior, a second employee went outside and, while pretending to get something from her car, obtained a description of the truck and its occupants and the vehicle's license plate number. Ms. Dean called the police and conveyed to them the above information.

Salt Lake City Police Officers Huie, Givens, and Guest were instructed to respond. Officers Givens and Guest arrived first in one vehicle. After parking the vehicle out of the truck's view, Officer Givens left the vehicle and observed the truck from around the corner of a building. Givens observed the driver, Merkley, beating his hands on the steering wheel and shouting at the passenger. When Officer Huie approached the front of the truck in his vehicle, Givens returned to his car and approached the truck from behind.

Merkley and the passenger were exiting the truck as the two police cars converged. With his left hand raised and his right hand on his pistol, Officer Givens stated, "Let me see your hands, put your hands up, I need to see your hands, I need to talk with you." Merkley continued to walk towards Officer Givens, who then grabbed Merkley's right arm and raised it behind his head. Merkley brought his left hand up on his own, at which point Officer Givens handcuffed him. While this occurred, Officer Huie approached with his weapon out and, while handcuffing the passenger, told the suspects that they were not being arrested but were being handcuffed for safety. A frisk of Merkley revealed a loaded .25 caliber pistol in his fanny pack. After Merkley's arrest for carrying a concealed weapon, a further search revealed cocaine on his person. Merkley's vehicle was impounded and searched, yielding various other drugs and firearms. The officers testified that the entire encounter lasted less than two minutes.

On appeal, Merkley does not challenge any of the searches subsequent to his arrest. Nor does he challenge the district court's determination that the officers possessed reasonable suspicion to effect an investigative detention. Rather, Merkley contends that the detention violated his Fourth Amendment rights because the circumstances surrounding the detention did not justify the use of firearms and handcuffs, thereby rendering the seizure unreasonable and the evidence seized as a result of the illegal detention inadmissible. We review the trial court's findings of fact for clear error, but the reasonableness of a seizure is a question of law which we review de novo. *United States v. Butler,* 904 F.2d 1482, 1484 (10th Cir.1990)

Law enforcement officers may temporarily detain a person for questioning or investigation where they have a reasonable and articulable suspicion that criminal activity may be afoot. *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968). The scope of an investigatory stop, however, must be reasonably related to the suspicious circumstances which justified the stop in the first place. *Id.* at 20, 88 S.Ct. at 1879. Merkley contends that the

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

display of firearms and the use of handcuffs were not reasonable under the circumstances surrounding his detention. We disagree.

"A law enforcement agent, faced with the possibility of danger, has a right to take reasonable steps to protect himself and an obligation to ensure the safety of innocent bystanders, regardless of whether probable cause to arrest exists." *United States v. Alexander*, 907 F.2d 269, 272 (2d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 983, 112 L.Ed.2d 1067 (1991). This Circuit has long defended the ability of police officers to conduct safe investigatory stops. In *United States v. Merritt*, 695 F.2d 1263 (10th Cir.1982), *cert. denied*, 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 286 (1983), the police deployed two officers brandishing shotguns when making an investigatory stop of a suspect they reasonably believed was heavily armed and dangerous. *Id.* at 1273. In holding that the use of firearms was reasonable under the circumstances, we stated that "[w]henever the police confront an individual reasonably believed to present a serious and imminent danger to the safety of the police and public, they are justified in taking reasonable steps to reduce the risk that anyone will get hurt." *Id.* at 1274.

There are no hard-and-fast rules regarding the reasonableness of force used during investigatory stops, and prior cases have eschewed establishing any bright-line standards for permissible conduct. It is clear, however, that, because safety may require the police to freeze temporarily a potentially dangerous situation, both the display of firearms and the use of handcuffs may be part of a reasonable *Terry* stop. *See, e.g., United States v. Miller*, 974 F.2d 953, 957 (8th Cir.1992) (handcuffs); *United States v. Clipper*, 973 F.2d 944, 951–52 (D.C.Cir.1992) (firearm), *cert. denied*, —— U.S. ——, 113 S.Ct. 1025, 122 L.Ed.2d 171 (1993); *United States v. Lechuga*, 925 F.2d 1035, 1040 (7th Cir.1991) (firearm); *Alexander*, 907 F.2d at 273 (firearm); *United States v. Hastamorir*, 881 F.2d 1551, 1557 (11th Cir.1989) (handcuffs).

We conclude that the conduct of the officers in this case was reasonable. The officers were informed that Merkley had threatened to kill someone and was acting violently. Officer Givens, who ultimately approached Merkley, verified Merkley's violent behavior when he observed him pounding his fists on the steering wheel of the pickup truck. Given this information, the officers reasonably believed that Merkley was dangerous and were justified in displaying firearms and using handcuffs to freeze temporarily the situation in order to ensure their safety and that of the public. We hold that the scope of this stop was reasonably related in both time and manner to the suspicious circumstances on which it was initially based. The district court therefore properly denied Merkley's motion to suppress evidence seized as a result of that stop.

AFFIRMED.