**Giovanni Antonio NARGI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–01301–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 23, 1995.

E.J. Van Buren, Jr., R. Scott Shearer, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

Appellant, Giovanni Antonio Nargi, challenges his conviction for driving while intoxicated ("DWI") on the grounds that evidence of his intoxication was seized pursuant to an illegal arrest and should have been suppressed. We affirm the conviction.

At 3:00 a.m. on August 14, 1992, while assigned to the DWI task force, Houston Police Officer Maurice Gartman saw appellant run a red light at the intersection of Richmond Avenue and Greenridge Drive. Officer Gartman then clocked appellant driving 74 m.p.h. in a 35 m.p.h. zone before making a U-turn through a second red light at Richmond and Hillcroft and turning into the parking lot of a strip shopping center. After parking haphazardly, appellant jumped from the car and ran towards the back door of a nightclub.

Officer Gartman chased appellant to the door and stopped him from entering. The officer found appellant to be "excited," and "anxious," and believed he might be dangerous or attempt to run. The officer handcuffed him in order to gain control of the situation. While subsequently questioning appellant about his traffic violations, Officer Gartman noticed that appellant smelled of alcohol, administered the horizontal gaze nystagmus ("HGN") test and concluded that appellant was intoxicated. At that point, officer Gartman considered appellant to be under arrest for driving while intoxicated. The officer transported appellant to the police station where further tests were conducted and a station video was made.

During trial, appellant moved to suppress the evidence of his intoxication. Appellant argued that since an arrest occurs when a person's liberty of movement is restricted or restrained, *Hoag v. State,* 728 S.W.2d 375, 379 (Tex.Crim.App.1987), he was legally under arrest at the moment Officer Gartman placed handcuffs on him. Appellant further contended that since the officer had no evidence of his intoxication until after appellant had been handcuffed, or "arrested," the arrest was made without probable cause and was therefore illegal. Since evidence seized as the result of an illegal arrest must be suppressed, *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), appellant argued that the evidence of his intoxication should not have been considered at trial. The trial court overruled his motion.

■ In his sole point of error, appellant urges that the overruling of his motion to suppress was an abuse of discretion. To determine whether the trial court abused its discretion, we must view the evidence in the light most favorable to the verdict. *Walker*

*v. State*, 588 S.W.2d 920, 924 (Tex.Crim.App. 1979). Any finding supported by the record will not be disturbed on appeal. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App. 1980), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981).

The State contends that when appellant was handcuffed, he was not thereby placed under arrest, but merely detained for further investigation. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Appellant concedes that Officer Gartman had a reasonable suspicion to detain him for traffic violations. However, citing *Burkes v. State*, 830 S.W.2d 922 (Tex.Crim.App.1991), appellant contends that the act of handcuffing was a restraint of liberty that went beyond mere detention and amounted to an arrest.

In *Burkes*, when police officers arrived at a nightclub to investigate a tip about illegal drug possession, several people, including Burkes, ran out the back of the club into a dark field. Anticipating this possibility, an officer waiting in the field caught Burkes. The officer shined his flashlight in Burkes' face and told him to lie on the ground. He immediately complied, was handcuffed and patted down. After a second pat-down revealed a pistol, Burkes was formally arrested. *Id.* at 923–24.

Burkes complained that his initial handcuffing amounted to an arrest without probable cause, and the Court of Criminal Appeals agreed. The Court explained that an "investigative detention implies that the obtrusive act is for the purpose of actually investigating, . . . to determine (by questioning) if illegal activity is taking place. . . ." *Id.* at 925. The Court concluded that since Burkes was never questioned about why he was running across the field, but was instead immediately

handcuffed and searched, the seizure was an arrest, not an investigation.[1]

■■■ Although restraining an individual generally constitutes arrest, TEX.CODE CRIM. PROC.ANN. art. 15.22 (Vernon 1992); *Hilla v. State*, 832 S.W.2d 773, 778 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); handcuffing before questioning alone (or even ordering a suspect to lie down) does not necessarily convert an investigative detention into an arrest. *Id.* at 778.[2] The characterization of a stop as an arrest or merely detention based on restraint of movement is made in light of all the facts and circumstances. *Hoag*, 728 S.W.2d at 379. Factors taken into account include: the need to gain control over the suspect; the use of force, including the display of weapons; use of handcuffs; length of the detention; admonitions of the detaining officer; reasonable perception of the detainee as to his status; movement of the detainee; the overall intrusiveness of the detention; and the opinion of the detaining officer as to the status of the detention. *See Amores v. State*, 816 S.W.2d 407, 412 (Tex.Crim.App. 1991) (Campbell, J., dissenting). The relevant decisions illustrate that the focus is not whether a less intrusive means of gaining control of the situation was available, but whether the police officer was unreasonable in failing to use it.

■■■ In the case at hand, appellant displayed potentially dangerous behavior. His speeding and running of two red lights exhibited disregard for his own safety, the safety of others, and the authority of law. Appellant's hurried parking of the car, his running to the back door of the nightclub and his anxious and excited demeanor further indicated an agitated and possibly irrational state of mind. These facts supported a rea-

---

**1.** Appellant also cites *Bell v. State*, 845 S.W.2d 454, 459 (Tex.App.—Austin 1993, no pet.); *Hafford v. State*, 828 S.W.2d 275, 277 (Tex.App.—Fort Worth 1992, pet. ref'd); and *Amores v. State*, 816 S.W.2d 407, 411–412 (Tex.Crim.App. 1991), for this proposition.

**2.** *See also United States v. Sanders*, 994 F.2d 200, 204 (5th Cir.1993) (handcuffing suspect before searching for weapons held to be valid investigatory detention); *United States v. Smith*, 3 F.3d 1088, 1094 (7th Cir.1993) (officers who stopped cab containing suspected drug dealers, handcuffed the suspects, patted them down and made

them sit on the side of the road conducted valid investigatory search); *United States v. Merkley*, 988 F.2d 1062, 1064 (10th Cir.1993) (man in car who was yelling excitedly, pounding steering wheel with fists and shouting that he was going to kill someone was handcuffed before questioning, valid *Terry* stop); *United States v. Bautista*, 684 F.2d 1286, 1289 (9th Cir.1982) (robbery suspects who were nervous, pacing and had needle marks in their arms were handcuffed after frisking but before questioning; held, valid investigatory detention).

sonable inference that Officer Gartman needed to obtain control over appellant in order to safely question him. Handcuffing was a valid method of doing so. *See Hilla,* 832 S.W.2d at 778.

Officer Gartman did not pull his weapon, threaten appellant or order him to lie on the ground. He did not tell appellant he was under arrest, consider him to be under arrest or place appellant in the police vehicle until after he questioned him, performed the HGN test and determined that appellant was intoxicated. Furthermore, only moments passed between the initial detention and the actual arrest. These facts are therefore distinguishable from those in *Burkes* in that here, there was an apparent need to control appellant, and questioning and investigation took place after appellant was handcuffed. Thus, the obtrusive act of handcuffing here *was* "for the purpose of actually investigating." *Burkes,* 830 S.W.2d at 925.

Although, in hindsight, it might arguably have been preferable for Officer Gartman to have first attempted to stop appellant with his siren, his voice or another less obtrusive means, the circumstances do not show that he was unreasonable in failing to do so. Thus, we conclude that handcuffing appellant to gain control while conducting the investigation did not elevate the detention to an arrest. Accordingly, appellant's sole point of error is overruled and the trial court's judgment is affirmed.