White 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00472-CR







James T. White, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0932770, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING








 Appellant was indicted for the felony offense of driving while intoxicated
("DWI"). Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568,
1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(e), since amended and codified at Tex. Penal
Code Ann. § 49.09) (hereafter "former art. 6701l-1(e)"). Before trial, appellant filed two
motions: (1) a motion to suppress evidence, and (2) a motion to quash the indictment. After
the trial court overruled both motions, appellant entered a negotiated plea of guilty, reserving
his right to appeal the two pretrial motions. Appellant now appeals these motions. 

 Appellant argues in his second point of error that because the indictment did not
allege a felony offense, the district court was without jurisdiction and, therefore, erred in
overruling the motion to quash. Appellant contends in his first point of error that the trial
court improperly denied his motion to suppress evidence. We will reverse the judgment of
conviction and remand the cause to the trial court.


MOTION TO QUASH

 The offense of driving while intoxicated is a felony offense punishable by
imprisonment "[i]f it is shown . . . that the person has previously been convicted two or more
times of an offense under this article . . . ." Former art. 6701l-1(e). In this cause, the indictment
alleged two prior DWI convictions: one in Nueces County, Texas, and one in Jones County,
Texas.

 By pretrial motion, appellant contended that the indictment should be quashed
because the alleged conviction in the Jones County cause was not a final conviction and thus could
not be used for enhancement purposes under former art. 6701l-1(e). Appellant argued that
because no final judgment was ever entered in the Jones County cause, there could be no final
conviction. The order from the Jones County cause states, in part:



IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that no
judgment be rendered thereon, and that Defendant be, and is hereby placed on
probation in this cause . . . .



(emphasis added).

 The State asserts two arguments in response. First, the State contends that, when
a document is unclear or ambiguous, an appellate court must look at the entire record in order to
determine the correct meaning of the document. Second, the State argues that the alleged prior
conviction in the Jones County cause is not void but merely voidable and, therefore, is not subject
to collateral attack. We reject both arguments.

 The State asserts that, when an order or judgment is unclear or ambiguous, an
appellate court must look at the entire record in order to determine the meaning of the judgment
or order. Warren v. State, 784 S.W.2d 56 (Tex. App.--Houston [1st Dist.] 1989), rev'd on other
grounds, 810 S.W.2d 202 (Tex. Crim. App. 1991). However, if the order or judgment is clear
on its face, there is no need to examine anything else. We conclude that the order from the Jones
County cause is clear on its face. In plain language, the order states that no final judgment shall
be rendered, so it is unnecessary to look beyond the four corners of the order to determine its
meaning. According to its own terms, the order is not a final judgment and thus there can be no
final conviction. Savant v. State, 535 S.W.2d 190, 191-92 (Tex. Crim. App. 1976); McFarland
v. State, 727 S.W.2d 43 (Tex. App.--San Antonio 1987, no pet.). Therefore, we conclude that
the Jones County cause did not result in a final conviction of appellant under former article 6701l-1.

 The State next contends that the alleged prior conviction in the Jones County cause
is voidable, but not void, and therefore not subject to collateral attack. The order from the Jones
County cause appears to be an order granting deferred adjudication. The State correctly notes that
at the time of appellant's Jones County trial it was not permissible for trial courts to grant deferred
adjudication in DWI cases. The State argues that, because appellant had the benefit of serving
his probation under an order that appeared to grant deferred adjudication at a time when it was
not permissible to grant deferred adjudication in DWI cases, he should be precluded from
attacking the order.

 We need not decide whether the Jones County order is void or voidable in this
appeal because it is irrelevant to our decision. The State incorrectly characterizes appellant's
argument as a collateral attack on the order from the Jones County cause. In actuality, it is the
State that seeks to attack the order from the Jones County cause as improperly granting appellant
deferred adjudication. Appellant does not attack this order, but instead contends that the order
on its face is not a final judgment of conviction. We agree. Therefore, we find it unnecessary
to reach the question whether the order from the Jones County cause is void or voidable. 
Appellant's second point of error is sustained. 

 Because the indictment alleged only one valid prior conviction, appellant is only
charged with misdemeanor DWI, second offense. Former art. 6701l-1(d). The district court did
not have jurisdiction over this offense. Tex. Code Crim. Proc. Ann. art. 4.05 (West Supp. 1995). 
Because the district court never had jurisdiction, it was required by law to transfer the indictment
to a court having misdemeanor jurisdiction. Tex. Code Crim. Proc. Ann. art. 21.26 (West 1989). 
Appellant moved to quash the indictment on the ground that it alleged a misdemeanor rather than
a felony offense. Although appellant's motion to quash was not technically correct (a motion
challenging felony jurisdiction would be the proper vehicle), the lack of subject matter jurisdiction
cannot be waived and may be raised at any time. Lopez v. State, 756 S.W.2d 49, 50-51 (Tex.
App.--Houston [1st Dist.] 1988, pet. ref'd). Accordingly, we reverse the judgment of conviction
and remand this cause to the district court with instructions to transfer the cause to a court having
jurisdiction of the misdemeanor offense. See Mitchell v. State, 821 S.W.2d 420, 423 (Tex.
App.--Austin 1992, pet. ref'd).



MOTION TO SUPPRESS

 We will address appellant's first point of error, as it is likely to recur on retrial. 
On appeal before this Court, appellant contends that the arresting officer did not have the right
to make a warrantless arrest for DWI and, thus, the results of his field sobriety tests should be
suppressed. (1) Appellant argues that the trial court committed reversible error when it failed to
suppress the field sobriety tests. 

 On July 12, 1992, appellant was involved in a one car rollover accident. Officer
Roman Lopez was dispatched to respond to the accident. Upon arriving at the scene, Officer
Lopez observed a pickup rolled over onto the passenger side and several people nearby. At that
point, appellant voluntarily identified himself to Officer Lopez as the driver of the pickup. Officer
Lopez observed that appellant had a strong odor of alcohol on his breath, bloodshot eyes, and
slurred speech. Officer Lopez had appellant perform a series of field sobriety tests. After he
failed some of the tests, appellant was placed under arrest for DWI.

 Evidence obtained as a result of an illegal arrest must be suppressed. Wong Sun
v. United States, 371 U.S. 471 (1963); Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp.
1995). In Stiggers v. State, 506 S.W.2d 609 (Tex. Crim. App. 1974), the Court of Criminal
Appeals discussed the effect of an illegal arrest, stating:



The sanction imposed against an unlawful search and seizure is the denial of
admissibility of evidence seized in the unlawful search. Unlike an unreasonable
search producing evidence offered to support a conviction, an arrest is not in itself
an evidentiary element of a conviction. An unreasonable seizure of the person that
does not produce evidence of culpability does not per se vitiate a conviction. This
is particularly true where, as here, there is no claim that any circumstances of the
alleged illegal arrest led to the appellant's conviction, the evidence supporting
which is unchallenged.



 In order for the field sobriety tests to be suppressible, the tests must have occurred
after an illegal arrest. Therefore, we must first determine at what point appellant was placed
under arrest. According to Tex. Code Crim. Proc. Ann. art. 15.22 (West 1977), "[a] person is
arrested when he has been actually placed under restraint or taken into custody by an officer or
person executing a warrant of arrest, or by an officer or person arresting without a warrant." "An
arrest is complete when a person's liberty of movement is restricted or restrained." Hoag v.
State, 728 S.W.2d 375, 379 (Tex. Crim. App. 1987).

 A person may be temporarily detained for further investigation without being placed
under arrest. See generally Terry v. Ohio, 392 U.S. 1 (1968). "To justify a temporary detention,
the officer must have specific articulable facts which, in light of his experience and general
knowledge taken together with rational inferences from those facts, would reasonably warrant the
intrusion on the citizen." Gurrola v. State, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994). "The
characterization of a stop as an arrest or merely detention based on restraint of movement is made
in light of all the facts and circumstances." Nargi v. State, 895 S.W.2d 820, 822 (Tex.
App.--Houston [14th Dist.] 1995, pet. granted). "Factors taken into account include: the need to
gain control over the suspect; the use of force, including the display of weapons; use of handcuffs;
length of the detention; admonitions of the detaining officer; reasonable perception of the detainee
as to his status; movement of the detainee; the overall intrusiveness of the detention; and the
opinion of the detaining officer as to the status of the detention." Id. at 822.

 In Nargi, a police officer observed Nargi run two red lights, speed through a 35
m.p.h. zone going 74 m.p.h., and then park haphazardly. Id. at 821. The officer chased Nargi
to the back door of a night club and prevented him from entering the nightclub. The officer then
handcuffed Nargi to gain control of the situation. During questioning concerning the traffic
violations, the officer noticed Nargi smelled of alcohol so he administered a field sobriety test. 
Based upon the results, the officer concluded that Nargi was intoxicated and placed him under
arrest. Despite the fact that Nargi was handcuffed, the appellate court found that Nargi was
merely being detained during the field sobriety test and was not officially arrested until after he
failed the test. Id. at 823. 

 In this case, Officer Lopez was summoned to the scene of a one vehicle, rollover
accident where appellant voluntarily identified himself as the driver. At no time did Officer Lopez
pull his weapon or use any type of force on appellant. He did not tell appellant he was under
arrest nor did Officer Lopez subjectively consider appellant under arrest until after appellant
performed the field sobriety tests. Officer Lopez testified that appellant was merely being
detained during the field sobriety tests and was not placed under arrest until after the tests were
completed. Furthermore, the actual detention only lasted a brief period of time, and its purpose
was investigative in nature.

 Based upon our review of the record, we conclude that appellant was lawfully
subjected to a temporary, investigative detention for the purpose of administering field sobriety
tests and was not placed under arrest until after their completion. Assuming, without deciding,
that appellant's warrantless arrest was improper, the field sobriety tests are not properly
suppressible because they occurred prior to the arrest. We overrule appellant's first point of
error.




CONCLUSION

 The judgment of conviction is reversed. The cause is remanded to the district court
with instructions to transfer the cause to a court having misdemeanor jurisdiction.



 

 Mack Kidd, Justice

Before Justices Powers, Aboussie and Kidd

Reversed and Remanded

Filed: October 18, 1995

Do Not Publish
1. [1] There is some indication in the trial-court record that appellant also sought to suppress a
breath test. The issue of the breath test was not clearly presented to the trial court or briefed
on this appeal. We therefore express no opinion on the admissibility of the breath test.



supporting
which is unchallenged.



 In order for the field sobriety tests to be suppressible, the tests must have occurred
after an illegal arrest. Therefore, we must first determine at what point appellant was placed
under arrest. According to Tex. Code Crim. Proc. Ann. art. 15.22 (West 1977), "[a] person is
arrested when he has been actually placed under restraint or taken into custody by an officer or
person executing a warrant of arrest, or by an officer or person arresting without a warrant." "An
arrest is complete when a person's liberty of movement is restricted or restrained." Hoag v.
State, 728 S.W.2d 375, 379 (Tex. Crim. App. 1987).

 A person may be temporarily detained for further investigation without being placed
under arrest. See generally Terry v. Ohio, 392 U.S. 1 (1968). "To justify a temporary detention,
the officer must have specific articulable facts which, in light of his experience and general
knowledge taken together with rational inferences from those facts, would reasonably warrant the
intrusion on the citizen." Gurrola v. State, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994). "The
characterization of a stop as an arrest or merely detention based on restraint of movement is made
in light of all the facts and circumstances." Nargi v. State, 895 S.W.2d 820, 822 (Tex.
App.--Houston [14th Dist.] 1995, pet. granted). "Factors taken into account include: the need to
gain control over the suspect; the use of force, including the display of weapons; use of handcuffs;
length of the detention; admonitions of the detaining officer; reasonable perception of the detainee
as to his status; movement of the detainee; the overall intrusiveness of the detention; and the
opinion of the detaining officer as to the status of the detention." Id. at 822.

 In Nargi, a police officer observed Nargi run two red lights, speed through a 35
m.p.h. zone going 74 m.p.h., and then park haphazardly. Id. at 821. The officer chased Nargi
to the back door of a night club and prevented him from entering the nightclub. The officer then
handcuffed Nargi to gain control of the situation. During questioning concerning the traffic
violations, the officer noticed Nargi smelled of alcohol so he administered a field sobriety test. 
Based upon the results, the officer concluded that Nargi was intoxicated and placed him under
arrest. Despite the fact that Nargi was handcuffed, the appellate court found that Nargi was
merely being detained during the field sobriety test and was not officially arrested until after he
failed the test. Id. at 823. 

 In this case, Officer Lopez was summoned to the scene of a one vehicle, rollover
accident where appellant voluntarily identified himself as the driver. At no time did Officer Lopez
pull his weapon or use any type of force on appellant. He did not tell appellant he was under
arrest nor did Officer Lopez subjectively consider appellant under arrest until after appellant
performed the field sobriety tests. Officer Lopez testified that appellant was merely being
detained during the field sobriety tests and was not placed under arrest until after the tests were
completed. Furthermore, the actual detention only lasted a brief period of time, and its purpose
was investigative in nature.

 Based upon our review of the record, we conclude that appellant was lawfully
subjected to a temporary, investigative detention for the purpose of administering field sobriety
tests and was not placed under arrest until after their completion. Assuming, without deciding,
that appellant's warrantless arrest was improper, the field sobriety tests are not properly
suppressible because they occurred prior to the arrest. We overrule appellant's first point of
error.




CONCLUSION

 The judgment of conviction is reversed. The cause is remanded to the district court
with instructions to transfer the cause to a court having misdemeanor jurisdiction.



 

 Mack Kidd, Justice

Before Justices Powers, Aboussie