**Giovanni Antonio NARGI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0548–95.**

Court of Criminal Appeals of Texas, En Banc.

May 15, 1996.

R. Scott Shearer, Houston, for appellant.

Rikke Burke Graber, Asst. Dist. Atty., Houston and Robert A. Huttash, State's Atty., Austin, for the State.

---

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

A jury convicted appellant of driving while intoxicated. The Court of Appeals affirmed appellant's conviction. *Nargi v. State,* 895 S.W.2d 820 (Tex.App.—Houston [14th Dist.] 1995). We granted appellant's petition for discretionary review to address the Court of Appeals' holding that, under the facts of this case, an officer's handcuffing of appellant "to gain control" during an investigatory stop did not elevate the detention to an arrest. See *Nargi,* 895 S.W.2d at 823.

We now find that our decision to grant appellant's petition for discretionary review was improvident. Tex.R.App.Pro. 202(k). Appellant's petition for discretionary review is dismissed.

CLINTON, J., dissents.

BAIRD, Judge, dissenting on Appellant's Petition for Discretionary Review.

Appellant was convicted of driving while intoxicated and the Court of Appeals affirmed. *Nargi v. State,* 895 S.W.2d 820 (Tex. App.—Houston [14th Dist.] 1995). We granted review to determine whether the Court of Appeals correctly classified appellant's seizure as an investigatory stop rather than an arrest.

For the reasons stated in *Francis v. State,* 922 S.W.2d 176 (Tex.Cr.App. No. 628–95, delivered this day) (Baird, J., concurring and dissenting), I believe this case should be remanded to the Court of Appeals to determine whether, given the totality of the circumstances, a reasonable person in appellant's position would believe his/her seizure was to be brief. *Id.,* 922 S.W.2d at 179. Consequently, I dissent to the dismissal of appellant's petition for discretionary review.

OVERSTREET, J., joins this opinion.