NO.  07-04-0487-CR
07-04-0504-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 16, 2006
_____

DARRELL WAYNE MORRIS A/K/A B.C. MORRIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 48,747-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**OPINION**

Appellant, Darrell Wayne Morris, appeals his conviction for possession of a controlled substance (cocaine), in an amount of at least four grams but not over 200 grams, and the adjudication of his guilt for the offense of aggravated assault with a deadly weapon. Appellant further appeals the sentences of 12 years incarceration imposed for each conviction.  We affirm.

Background

Based on a plea agreement, appellant pled guilty to a charge of aggravated assault in 1999. In accordance with the State's recommendation, adjudication was deferred for eight years.

On November 5, 2003, Officer Ponce of the Amarillo Police Department received information from a confidential informant that narcotics were being sold at a car wash owned by appellant. Another officer, Perez, had conducted surveillance on the car wash for the preceding two weeks and had observed activities that he concluded were consistent with drug transactions. Acting on this information, Ponce performed a surveillance of the car wash to confirm that drug transactions were occurring there. During Ponce's 15 minute "spot up," Ponce saw three vehicles pull into the car wash. None of these vehicles were washed. Each of these three vehicles were approached by a person who would briefly converse with the occupant, then he would go back to a "shed" area and would then return to the car. According to Ponce, these exchanges would last no more than two minutes. Ponce did not see drugs being sold, money exchanging hands, or weapons present, but he concluded that these three exchanges were, based on his training and experience, consistent with drug transactions. He also felt that his observations were sufficient to corroborate the information he had previously received from the confidential informant and the conclusion reached by Perez.

As a result, Ponce gave other officers the signal to perform a "jump out" at the car wash. As described by Ponce, a "jump out" is when officers pull into the parking lot, jump

out of an unmarked van, secure everybody present by ordering them to get down on the ground, followed by a pat down search of those present. After those present are secured, the "jump out" officers question those detained about the possible sale of drugs at the location.

Officer Russell was specifically assigned the task of securing appellant during the "jump out." Russell was to make sure that appellant did not have a weapon and that he did not destroy or discard any evidence. When the "jump out" was executed, appellant complied with the officers' requests to get on the ground, but appellant tried to scoot under a nearby parked vehicle. Concerned that appellant was either trying to find a weapon or hide a weapon or evidence, Russell pulled appellant from under the car and handcuffed him. When Russell looked under the vehicle, he found a Skoal can. Within the can, Russell found plastic bags that appeared to contain crack cocaine. After making this discovery, Russell arrested appellant. Appellant was then searched incident to the arrest and $859 in cash was found on appellant.

Following appellant's arrest, he was indicted for possession of a controlled substance and the State filed a motion to proceed to adjudication on the aggravated assault charge alleging that he violated the terms of his community supervision based on his possession of a controlled substance.

Before the trials, appellant filed motions to suppress any evidence seized by officers during the "jump out" contending that the officers lacked reasonable suspicion to conduct a warrantless search and that any evidence obtained as a result of the detention and arrest

3

was the "fruit of the poisonous tree." After holding a pre-trial hearing, the trial court continued its ruling. While the trial court never entered a formal ruling on appellant's motions, at the adjudication hearing, the trial court allowed evidence obtained during the "jump out" to be admitted over appellant's objections. The trial court found that appellant violated the terms of his community supervision by possessing a controlled substance, adjudicated appellant guilty for the aggravated assault, and sentenced appellant to 12 years incarceration.

Following the trial court's adjudication on the aggravated assault charge, appellant pled guilty to the possession charge subject to his right to appeal the denial of his suppression motion. The trial court accepted appellant's plea, found him guilty of the possession charge, and sentenced appellant to 12 years incarceration.

By two issues, appellant contends that the trial court erred in denying appellant's motions to suppress the cocaine because the police acted in violation of the Fourth Amendment of the United States Constitution and Article One, Section Nine of the Texas Constitution.[1] We will address appellant's issues in the context of each conviction separately.

---

[1]The Court of Criminal Appeals has held that the protections from unreasonable searches and seizures provided by the Texas Constitution are the same as the protections provided by the United States Constitution. See Rhodes v. State, 945 S.W.2d 115, 117 (Tex.Crim.App. 1997).

## Aggravated Assault

Appellant contends that, since the State's sole allegation in its motion to proceed to adjudication was the possession charge, the suppression of the cocaine would preclude the trial court's adjudication of appellant's guilt for the aggravated assault. However, we have no authority to review the trial court's determination to proceed to an adjudication of guilt. See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2005); Holder v. State, 618 S.W.2d 80, 81 (Tex.Crim.App. 1981) (appellate court has no authority to address whether evidence was obtained as a result of an illegal search or seizure, as this issue goes to the trial court's determination of whether to proceed to adjudication). Thus, we affirm the aggravated assault conviction.

## Possession of a Controlled Substance

Appellant pled guilty to the possession of a controlled substance charge subject to his right to appeal the denial of his motion to suppress the cocaine. Appellant contends that he was illegally arrested during the "jump out" and that the cocaine should be suppressed as the "fruit of the poisonous tree." We conclude that, when the events involving appellant are viewed in chronological sequence, appellant was not illegally arrested.

We review a trial court's ruling on a motion to suppress by giving almost total deference to a trial court's determination of historical facts, while reviewing the court's application of the law to those facts *de novo*. See O'Hara v. State, 27 S.W.3d 548, 550

5

(Tex.Crim.App. 2000). When the trial court does not make explicit findings of historical facts, we review the evidence in the light most favorable to the trial court's ruling. Id.

Prior to the "jump out," Officer Perez had confirmed that activities consistent with drug transactions had occurred at the car wash during the two weeks preceding the raid, a reliable informant had informed the officers that drug transactions had occurred at the car wash on the day of the raid, and Officer Ponce was able to confirm that activities consistent with the sale of drugs were occurring at the car wash during the 15 minutes before the raid. Police may stop and briefly detain persons reasonably suspected of criminal activity, even if probable cause to arrest is not then present. See Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The reasonableness of the detention must be examined in terms of the totality of the circumstances and is justified when the detaining officers have specific articulable facts leading to a reasonable conclusion that the person to be detained is, has been, or soon will be engaged in illegal activity. Woods v. State, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997). Considering the facts known to the officers, we conclude that they were justified in detaining appellant.

Appellant contends that, when the officers jumped out of the unmarked van in "raid gear" with guns drawn and ordered everybody present to get down on the ground, he was under arrest. However, it cannot be said that whenever police draw weapons on a person that the resulting seizure must be an arrest rather than an investigatory detention. See Rhodes, 945 S.W.2d at 117. Similarly, ordering a suspect to the ground does not necessarily convert an investigatory detention into an arrest. See Nargi v. State, 895 S.W.2d 820, 822 (Tex.App.–Houston [14th Dist.] 1995), pet. dism'd, improvidently granted,

6

922 S.W.2d 180 (Tex.Crim.App. 1996). To effectuate a detention, police may use such force as is reasonably necessary to allow for investigation, to maintain the status quo, or for officer safety. Rhodes, 945 S.W.2d at 117.

A police officer's belief that a suspect is armed may be predicated on the nature of the suspected criminal activity. See Terry, 392 U.S. at 27-28. Because weapons are closely associated with drug dealing, a reasonable suspicion that a suspect is dealing drugs supports a reasonable inference that the suspect is armed. See Carmouche v. State, 10 S.W.3d 323, 330 (Tex.Crim.App. 2000). All of the officers testified that they ordered those present at the car wash to the ground out of concern for officer safety. While there were no weapons ultimately discovered, we conclude that the totality of the circumstances justified the police actions as reasonably necessary to protect the officers.

Immediately following the "jump out," appellant complied with the officers' requests to get down on the ground. However, appellant then attempted to crawl or scoot under a nearby vehicle. A seizure occurs only when (1) a reasonable person would believe he is not free to leave and (2) when that person has yielded to the officer's show of authority or has been physically forced to yield. See Crawford v. State, 932 S.W.2d 672, 673-74 (Tex.App.–Houston [14th Dist.] 1996, writ ref'd) (citing California v. Hodari D., 499 U.S. 621, 627, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991)). Appellant's attempt to get under the vehicle evidences a failure to yield to the officers' show of authority and, as a result, we conclude that appellant was not seized at that time.

7

When the officers used force to pull appellant from under the vehicle, appellant was detained. However, because the officers could not ascertain appellant's purpose in attempting to get under the vehicle, their use of force to detain appellant was reasonable under the circumstances out of a concern for officer safety. Because there is no evidence that appellant had been patted down to determine if he had any weapons on his person before being handcuffed, we conclude that handcuffing appellant in these circumstances was reasonable and did not convert the detention into an arrest. See Rhodes, 945 S.W.2d at 117.

Once appellant had been secured, Officer Russell returned to the vehicle appellant had attempted to get under and discovered a Skoal can in the location appellant had been. Inside of the can, Russell discovered crack cocaine in multiple small bags. Voluntary abandonment of property occurs if the defendant intended to abandon the property and his decision to abandon the property was not the result of police misconduct. See Brimage v. State, 918 S.W.2d 466, 507 (Tex.Crim.App. 1996) (op. on reh'g). Since appellant was not detained prior to his abandonment of the can and as we have already determined that the police acted properly, appellant's rights against unreasonable search and seizure were not violated by the officers' recovery of the evidence that appellant voluntarily abandoned. See Crawford, 932 S.W.2d at 673-74.

Concluding that the evidence that appellant sought to have suppressed was not obtained as a result of an illegal search or seizure, we affirm appellant's conviction for possession of a controlled substance and overrule appellant's issues.

Conclusion

We affirm the appellant's convictions and sentences for aggravated assault and for possession of a controlled substance.

Mackey K. Hancock
Justice

Publish.