YOAKUM v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-254-CR

LARRY WAYNE YOAKUM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Larry Wayne Yoakum appeals his conviction for possession of a controlled substance, namely gamma hydroxybutryrate, of four grams or more but less than two hundred grams.  The jury found Appellant guilty and assessed his punishment at sixty years’ confinement.  The trial court sentenced him accordingly.  In a single point, Appellant contends that the trial court erred in denying his motion to suppress because he was illegally detained and arrested, and consequently, the contraband was illegally seized.  We affirm. 

FACTUAL BACKGROUND

Officer Lenelle Rose testified that she was dispatched to a domestic disturbance call in Arlington, Texas.  The dispatcher had informed her that the suspect had let the air out of the complainant’s tires, and the complainant believed the suspect was high on drugs and drunk on alcohol.  She arrived at the scene alone and was confronted by the suspect’s family members waiving frantically and directing her towards the suspect, Appellant, who had left on foot. 

Officer Rose found Appellant, pulled up next to him in her car, and yelled for him to stop.  She stopped the car and got out, and Appellant began walking in the other direction.  She caught up with him, told him to stop, and although she was in uniform, she informed him that she was a police officer.  As the complainant had described, Appellant was carrying a beer bottle and a cooler.  Officer Rose instructed Appellant to put the beer bottle down several times before he finally did.  According to Officer Rose, Appellant was acting suspiciously because he refused to put the beer bottle down as she requested.  Officer Rose stepped behind Appellant and told him that she was going to pat him down to see if he had any weapons.  Appellant began running and Officer Rose chased him.  She followed him to a fence, where he stopped, and she attempted to grab him from the back of his arms.  Appellant was struggling to reach inside his jacket.  He removed a plastic baggie containing an assortment of pills from inside his jacket and began dumping the contents in his mouth.  Officer Rose threw him on the ground and handcuffed him.

MOTION TO SUPPRESS

In his sole point, Appellant contends that the trial court erred in denying his motion to suppress because he was illegally detained and arrested.  The State asserts that 
the trial court did not err in overruling Appellant’s motion to suppress because, based upon the totality of the circumstances, the investigating officer had reasonable suspicion to make an investigatory detention and later acquired probable cause to arrest Appellant.

1. Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

When reviewing a trial court’s ruling on a mixed question of law and fact, the court of appeals may review de novo the trial court’s application of the law of search and seizure to the facts of the case.  
Estrada
, 154 S.W.3d at 607.  We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.  

When the trial court grants a motion to suppress and files accompanying findings of fact and conclusions of law, and the sole witness at the motion to suppress hearing is the arresting officer, the only question before us is whether the trial court properly applied the law to the facts it found.  
See State v. Gray
, 158 S.W.3d 465, 467, 469 (Tex. Crim. App. 2005);
 Carmouche
, 10 S.W.3d at 327-28; 
Guzman
, 955 S.W.2d at 86-87, 89.  In this case, we review the trial court’s ruling de novo.  
Gray
, 158 S.W.3d at 467, 469.

In determining whether a trial court’s decision is supported by the record, we generally consider evidence adduced at the suppression hearing only because the ruling was based on it rather than on evidence introduced later.  
Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
, 519 U.S. 1043 (1996).  However, this general rule is inapplicable where, as in this case, the suppression issue has been consensually relitigated by the parties during the trial on the merits.  
See id. 
 Where the State raises the issue at trial either without objection or with subsequent participation in the inquiry by the defense, the defendant has made an election to re-open the evidence, and consideration of the relevant trial testimony is appropriate in our review.  
Id.

2. The Trial Court’s Findings of Fact

The trial court determined that Officer Rose had sufficient articulable facts upon which to stop Appellant.  The trial court found that she had received a police call for domestic violence and arrived at the scene to find people there directing her to Appellant and giving her a description of him.  The trial court found that when she approached Appellant, he matched the description, so she had articulable facts to stop him.  The trial court found that at the time Appellant began fleeing, the officer had the right to follow him and to stop him. The trial court found that when Officer Rose stopped Appellant, he made a gesture that led her to believe that he had a weapon, and when she frisked him, she realized that he was actually trying to dispose of drugs.

Upon Appellant’s request, the trial court found that the officer was not sure when she heard that Appellant was under the influence of alcohol or drugs; the trial court stated that she could have heard that he was under the influence of alcohol or drugs either before or after she arrested him.  At trial, Officer Rose testified that the call text she received from the dispatcher stated that the complainant believed that the suspect was on drugs.  She testified that she read the call text before she arrived at the scene.

3. Discussion

An investigative detention is distinct from an encounter, which is not a seizure.  
Johnson v. State
, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). During an encounter, an officer is free to approach a person and to ask questions, but the person is also free to ignore the officer and to walk away. 
Id.  
Such interaction remains an encounter until a reasonable person would believe that he or she was not free to leave and the person has yielded to the officer’s show of authority or has been physically forced to yield.  
Id. 

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts.  
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); 
Carmouche
, 10 S.W.3d at 328.  An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law.  
Ford
 
v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead the officer to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.  
Id
. at 492-93.  This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists.  
Id
. at 492.

Appellant asserts that Officer Rose was acting on a mere hunch, rather than reasonable suspicion, when she detained Appellant.  However, the record reflects that when Officer Rose was dispatched to the scene, she was acting in response to the dispatcher’s report that the suspect had let air out of the complainant’s tires and that the suspect might have been under the influence of drugs.  The information provoking the officer’s suspicions need not be based on his own personal observations, but may be based on an informant’s tip which bears sufficient “indicia of reliability” to justify a stop.  
Carmouche
, 10 S.W.3d at 328.  A tip deserves great weight if the tipster puts themself in a position to be held accountable for the intervention.  
State v. Stolte
, 991 S.W.2d 336, 341 (Tex. App.—Fort Worth 1999, no pet.).  Furthermore, a person who is not connected with law enforcement or is not a paid informant is considered inherently trustworthy when she advises the police that she suspects criminal activity has occurred or is occurring.  
Id.
  

Here, the complainant, Appellant’s mother, gave her name to the police dispatcher and called the police to the location where the incident occurred.  The complainant informed the police dispatcher that she believed that Appellant was on drugs.  When Officer Rose arrived at the location, several people were outside frantically waiving their arms to get her attention and direct her towards Appellant.  From her prior experience, Officer Rose knew that domestic disturbance calls often involve violence and that Appellant had resisted arrest at least once before.  Officer Rose was able to point to specific, articulable facts, which, combined with her rational inferences from those facts led her to conclude that Appellant was or would soon be engaged in criminal activity.  
See Ford
, 158 S.W.3d at 492. 
 Viewing the totality of the circumstances, we conclude that Officer Rose had reasonable suspicion to detain Appellant.  

Officers may use such force as is reasonably necessary to effect the goal of the stop: investigation, maintenance of the status quo, or officer safety.  
Rhodes v. State
, 945 S.W.2d 115, 117 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 894 (1997).  Under certain circumstances, the handcuffing of the subject may be appropriate, such as when it is necessary to thwart the suspect’s attempt to frustrate further inquiry.  
Id.
  Here, Officer Rose testified that she attempted to place Appellant in handcuffs for her safety as an officer because Appellant was not following her instructions to put the beer bottle down and she could tell by his mannerisms and behavior that he was either going to run or fight.  At that point, Appellant initially yielded to Officer Rose’s command to stop; however, Appellant would not submit to her authority, and he began running down the street.  
See
 
Morris v. State
, Nos. 07-04-0487-CR, 07-04-0504-CR, 2006 WL 684485, at *4 (Tex. App.—Amarillo Mar. 16, 2006, no pet.) (holding that the appellant did not submit to the officer’s show of authority when he initially got down on the ground at the request of officers but then attempted to crawl under a nearby vehicle).  Thus, Appellant was not detained at that point.

Officer Rose chased Appellant, yelled at him to stop, and attempted to push him down.  Appellant fell into a fence and grabbed onto it, as though he was about to go over the fence.  At this point, Officer Rose was acting upon her reasonable suspicion that Appellant had been engaging or soon would be engaging in criminal activity.  Her decision to knock Appellant down and handcuff him was reasonable under the circumstances, in light of Appellant’s size in relation to her size, his sudden flight, his movement towards his pockets, the time of night, the fact that she was called to a domestic disturbance involving Appellant deflating the tires in a car, and the report that he might have been on drugs.  
See
 
Ford
, 158 S.W.3d at 492-93.  

While Officer Rose was struggling with Appellant, he apparently attempted to destroy the drugs in his possession.  When Officer Rose saw the drugs, she had probable cause to arrest Appellant for a suspected offense committed in her presence.  
See 
Tex. Code Crim. Proc. Ann.
 art. 14.01(a) (Vernon 2005) (permitting warrantless arrest when offense committed in officer’s presence or within his view); 
Gaines v. State
, 99 S.W.3d 660, 669 (Tex. App.—Houston [14th
 Dist.] 2003, no pet.) (holding that during the investigatory detention, reasonable suspicion ripened into probable cause when the officer determined that the suspect was in possession of cocaine).

We hold that Officer Rose’s investigatory detention was based upon a reasonable suspicion, and her subsequent arrest of Appellant was based upon probable cause.  Giving almost total deference to the trial court’s findings of historical fact and viewing the evidence in the light most favorable to the trial court’s ruling, we hold that the trial court did not err in overruling Appellant’s motion to suppress.  Accordingly, we overrule Appellant’s sole point. 

CONCLUSION

Having overruled Appellant’s sole point, we affirm the judgment of the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL A:  CAYCE, C.J.; HOLMAN and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 8, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.