NO. 07-09-0231-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 8, 2009
______________________________

CHRISTOPHER H. JUNCO D/B/A AAA MAXX A/C & HEATING, APPELLANT

V.

BEST PUBLICATIONS, LLP, APPELLEE
_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 58,793-A; HONORABLE HAL MINER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant Christopher H. Junco d/b/a AAA Maxx A/C & Heating filed a notice of
appeal from a summary judgment order entered against him on May 4, 2009. The clerkâs
record was filed on September 3, 2009. No reporterâs record was made.
Â Â Â Â Â Â Â Â Â Â By letter of November 17, 2009, the Court reminded appellant that his brief was due
no later than Friday, November 6, and thus was past due. The letter notified appellant that
his appeal was subject to dismissal for want of prosecution unless his brief was filed, along
with a motion for extension of time, by Monday, November 30. See Tex. R. App. P. 38.6.
Â 
Â Â Â Â Â Â Â Â Â Â An appellate court may dismiss a civil appeal for want of prosecution if an appellant
fails to timely file a brief unless the appellant reasonably explains the failure and the
appellee is not significantly injured by the failure. Tex. R. App. P. 38.8(a)(1). On its own
motion, with ten days' notice to the parties, an appellate court may dismiss a civil appeal
for want of prosecution or failure to comply with a notice from the clerk requiring a
response or other action within a specified time. Tex. R. App. P. 42.3(b), (c). Here,
appellant has not filed a brief or a motion for extension by the date specified by the Court,
despite notice that his failure to do so would subject the appeal to dismissal. The Court has
given the parties the required ten days' notice.
Â Â Â Â Â Â Â Â Â Â Accordingly, we dismiss appellantâs appeal for want of prosecution and failure to
comply with a notice from the Court. See Tex. R. App. P. 38.8(a)(1); 42.3(b), (c). 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice










ial">Aggravated Assault

 Appellant contends that, since the State's sole allegation in its motion to proceed to
adjudication was the possession charge, the suppression of the cocaine would preclude
the trial court's adjudication of appellant's guilt for the aggravated assault. However, we
have no authority to review the trial court's determination to proceed to an adjudication of
guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005); Holder v.
State, 618 S.W.2d 80, 81 (Tex.Crim.App. 1981) (appellate court has no authority to
address whether evidence was obtained as a result of an illegal search or seizure, as this
issue goes to the trial court's determination of whether to proceed to adjudication). Thus,
we affirm the aggravated assault conviction.

Possession of a Controlled Substance

 Appellant pled guilty to the possession of a controlled substance charge subject to
his right to appeal the denial of his motion to suppress the cocaine. Appellant contends
that he was illegally arrested during the "jump out" and that the cocaine should be
suppressed as the "fruit of the poisonous tree." We conclude that, when the events
involving appellant are viewed in chronological sequence, appellant was not illegally
arrested.

 We review a trial court's ruling on a motion to suppress by giving almost total
deference to a trial court's determination of historical facts, while reviewing the court's
application of the law to those facts de novo. See O'Hara v. State, 27 S.W.3d 548, 550
(Tex.Crim.App. 2000). When the trial court does not make explicit findings of historical
facts, we review the evidence in the light most favorable to the trial court's ruling. Id.

 Prior to the "jump out," Officer Perez had confirmed that activities consistent with
drug transactions had occurred at the car wash during the two weeks preceding the raid,
a reliable informant had informed the officers that drug transactions had occurred at the car
wash on the day of the raid, and Officer Ponce was able to confirm that activities consistent
with the sale of drugs were occurring at the car wash during the 15 minutes before the raid. 
Police may stop and briefly detain persons reasonably suspected of criminal activity, even
if probable cause to arrest is not then present. See Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct.
1868, 20 L.Ed.2d 889 (1968). The reasonableness of the detention must be examined in
terms of the totality of the circumstances and is justified when the detaining officers have
specific articulable facts leading to a reasonable conclusion that the person to be detained
is, has been, or soon will be engaged in illegal activity. Woods v. State, 956 S.W.2d 33,
38 (Tex.Crim.App. 1997). Considering the facts known to the officers, we conclude that
they were justified in detaining appellant.

 Appellant contends that, when the officers jumped out of the unmarked van in "raid
gear" with guns drawn and ordered everybody present to get down on the ground, he was
under arrest. However, it cannot be said that whenever police draw weapons on a person
that the resulting seizure must be an arrest rather than an investigatory detention. See
Rhodes, 945 S.W.2d at 117. Similarly, ordering a suspect to the ground does not
necessarily convert an investigatory detention into an arrest. See Nargi v. State, 895
S.W.2d 820, 822 (Tex.App.-Houston [14th Dist.] 1995), pet. dism'd, improvidently granted,
922 S.W.2d 180 (Tex.Crim.App. 1996). To effectuate a detention, police may use such
force as is reasonably necessary to allow for investigation, to maintain the status quo, or
for officer safety. Rhodes, 945 S.W.2d at 117. 

 A police officer's belief that a suspect is armed may be predicated on the nature of
the suspected criminal activity. See Terry, 392 U.S. at 27-28. Because weapons are
closely associated with drug dealing, a reasonable suspicion that a suspect is dealing drugs
supports a reasonable inference that the suspect is armed. See Carmouche v. State, 10
S.W.3d 323, 330 (Tex.Crim.App. 2000). All of the officers testified that they ordered those
present at the car wash to the ground out of concern for officer safety. While there were
no weapons ultimately discovered, we conclude that the totality of the circumstances
justified the police actions as reasonably necessary to protect the officers.

 Immediately following the "jump out," appellant complied with the officers' requests
to get down on the ground. However, appellant then attempted to crawl or scoot under a
nearby vehicle. A seizure occurs only when (1) a reasonable person would believe he is
not free to leave and (2) when that person has yielded to the officer's show of authority or
has been physically forced to yield. See Crawford v. State, 932 S.W.2d 672, 673-74
(Tex.App.-Houston [14th Dist.] 1996, writ ref'd) (citing California v. Hodari D., 499 U.S. 621,
627, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991)). Appellant's attempt to get under the vehicle
evidences a failure to yield to the officers' show of authority and, as a result, we conclude
that appellant was not seized at that time.

 When the officers used force to pull appellant from under the vehicle, appellant was
detained. However, because the officers could not ascertain appellant's purpose in
attempting to get under the vehicle, their use of force to detain appellant was reasonable
under the circumstances out of a concern for officer safety. Because there is no evidence
that appellant had been patted down to determine if he had any weapons on his person
before being handcuffed, we conclude that handcuffing appellant in these circumstances
was reasonable and did not convert the detention into an arrest. See Rhodes, 945 S.W.2d
at 117.

 Once appellant had been secured, Officer Russell returned to the vehicle appellant
had attempted to get under and discovered a Skoal can in the location appellant had been. 
Inside of the can, Russell discovered crack cocaine in multiple small bags. Voluntary
abandonment of property occurs if the defendant intended to abandon the property and his
decision to abandon the property was not the result of police misconduct. See Brimage v.
State, 918 S.W.2d 466, 507 (Tex.Crim.App. 1996) (op. on reh'g). Since appellant was not
detained prior to his abandonment of the can and as we have already determined that the
police acted properly, appellant's rights against unreasonable search and seizure were not
violated by the officers' recovery of the evidence that appellant voluntarily abandoned. See
Crawford, 932 S.W.2d at 673-74.

 Concluding that the evidence that appellant sought to have suppressed was not
obtained as a result of an illegal search or seizure, we affirm appellant's conviction for
possession of a controlled substance and overrule appellant's issues.

Conclusion

 We affirm the appellant's convictions and sentences for aggravated assault and for
possession of a controlled substance.



 Mackey K. Hancock

 Justice

 






Publish. 

1. The Court of Criminal Appeals has held that the protections from unreasonable
searches and seizures provided by the Texas Constitution are the same as the protections
provided by the United States Constitution. See Rhodes v. State, 945 S.W.2d 115, 117
(Tex.Crim.App. 1997).