COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-254-CR

 

 

LARRY WAYNE YOAKUM                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Larry Wayne Yoakum
appeals his conviction for possession of a controlled substance, namely gamma
hydroxybutryrate, of four grams or more but less than two hundred grams.  The jury found Appellant guilty and assessed
his punishment at sixty years= confinement.  The trial court
sentenced him accordingly.  In a single
point, Appellant contends that the trial court erred in denying his motion to
suppress because he was illegally detained and arrested, and consequently, the
contraband was illegally seized.  We
affirm. 

FACTUAL BACKGROUND

Officer Lenelle Rose
testified that she was dispatched to a domestic disturbance call in Arlington,
Texas.  The dispatcher had informed her
that the suspect had let the air out of the complainant=s tires, and the complainant believed the suspect was high on drugs
and drunk on alcohol.  She arrived at the
scene alone and was confronted by the suspect=s family members waiving frantically and directing her towards the
suspect, Appellant, who had left on foot. 








Officer Rose found Appellant,
pulled up next to him in her car, and yelled for him to stop.  She stopped the car and got out, and Appellant
began walking in the other direction. 
She caught up with him, told him to stop, and although she was in
uniform, she informed him that she was a police officer.  As the complainant had described, Appellant
was carrying a beer bottle and a cooler. 
Officer Rose instructed Appellant to put the beer bottle down several
times before he finally did.  According
to Officer Rose, Appellant was acting suspiciously because he refused to put
the beer bottle down as she requested. 
Officer Rose stepped behind Appellant and told him that she was going to
pat him down to see if he had any weapons. 
Appellant began running and Officer Rose chased him.  She followed him to a fence, where he
stopped, and she attempted to grab him from the back of his arms.  Appellant was struggling to reach inside his
jacket.  He removed a plastic baggie
containing an assortment of pills from inside his jacket and began dumping the
contents in his mouth.  Officer Rose
threw him on the ground and handcuffed him.

MOTION TO SUPPRESS

In his sole point, Appellant
contends that the trial court erred in denying his motion to suppress because
he was illegally detained and arrested. 
The State asserts that the trial court did not err in overruling Appellant=s motion to suppress because, based upon the totality of the
circumstances, the investigating officer had reasonable suspicion to make an
investigatory detention and later acquired probable cause to arrest Appellant.

1. Standard of Review








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999).  Therefore, we give
almost total deference to the trial court=s rulings on (1) questions of historical fact and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Johnson v. State, 68 S.W.3d 644, 652‑53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).  But when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.

When reviewing a trial court=s ruling on a mixed question of law and fact, the court of appeals may
review de novo the trial court=s application of the law of search and seizure to the facts of the
case.  Estrada, 154 S.W.3d at
607.  We must uphold the trial court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  Armendariz v. State,
123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974 (2004);
Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at 543.  








When the trial court grants a
motion to suppress and files accompanying findings of fact and conclusions of
law, and the sole witness at the motion to suppress hearing is the arresting
officer, the only question before us is whether the trial court properly
applied the law to the facts it found.  See
State v. Gray, 158 S.W.3d 465, 467, 469 (Tex. Crim. App. 2005);
Carmouche, 10 S.W.3d at 327‑28; Guzman, 955 S.W.2d at 86‑87,
89.  In this case, we review the trial
court=s ruling de novo.  Gray,
158 S.W.3d at 467, 469.

In determining whether a
trial court=s decision
is supported by the record, we generally consider evidence adduced at the
suppression hearing only because the ruling was based on it rather than on
evidence introduced later.  Rachal v.
State, 917 S.W.2d 799, 809 (Tex. Crim. App.), cert. denied, 519 U.S.
1043 (1996).  However, this general rule
is inapplicable where, as in this case, the suppression issue has been
consensually relitigated by the parties during the trial on the merits.  See id.  Where the State raises the issue at trial
either without objection or with subsequent participation in the inquiry by the
defense, the defendant has made an election to re‑open the evidence, and
consideration of the relevant trial testimony is appropriate in our
review.  Id.

2. The Trial Court=s Findings of Fact








The trial court determined
that Officer Rose had sufficient articulable facts upon which to stop
Appellant.  The trial court found that
she had received a police call for domestic violence and arrived at the scene
to find people there directing her to Appellant and giving her a description of
him.  The trial court found that when she
approached Appellant, he matched the description, so she had articulable facts
to stop him.  The trial court found that
at the time Appellant began fleeing, the officer had the right to follow him
and to stop him. The trial court found that when Officer Rose stopped
Appellant, he made a gesture that led her to believe that he had a weapon, and
when she frisked him, she realized that he was actually trying to dispose of
drugs.

Upon Appellant=s request, the trial court found that the officer was not sure when
she heard that Appellant was under the influence of alcohol or drugs; the trial
court stated that she could have heard that he was under the influence of
alcohol or drugs either before or after she arrested him.  At trial, Officer Rose testified that the
call text she received from the dispatcher stated that the complainant believed
that the suspect was on drugs.  She
testified that she read the call text before she arrived at the scene.

3. Discussion








An investigative detention is
distinct from an encounter, which is not a seizure.  Johnson v. State, 912 S.W.2d 227, 235
(Tex. Crim. App. 1995). During an encounter, an officer is free to approach a
person and to ask questions, but the person is also free to ignore the officer
and to walk away. Id.  Such
interaction remains an encounter until a reasonable person would believe that
he or she was not free to leave and the person has yielded to the officer=s show of authority or has been physically forced to yield.  Id. 

A detention, as opposed to an
arrest, may be justified on less than probable cause if a person is reasonably
suspected of criminal activity based on specific, articulable facts.  Terry v. Ohio, 392 U.S. 1, 22, 88 S.
Ct. 1868, 1880 (1968); Carmouche, 10 S.W.3d at 328.  An officer conducts a lawful temporary
detention when he has reasonable suspicion to believe that an individual is
violating the law.  Ford v.
State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  Reasonable suspicion exists when, based on
the totality of the circumstances, the officer has specific, articulable facts
that when combined with rational inferences from those facts, would lead the
officer to reasonably conclude that a particular person is, has been, or soon
will be engaged in criminal activity.  Id.
at 492-93.  This is an objective standard
that disregards any subjective intent of the officer making the stop and looks
solely to whether an objective basis for the stop exists.  Id. at 492.








Appellant asserts that
Officer Rose was acting on a mere hunch, rather than reasonable suspicion, when
she detained Appellant.  However, the
record reflects that when Officer Rose was dispatched to the scene, she was
acting in response to the dispatcher=s report that the suspect had let air out of the complainant=s tires and that the suspect might have been under the influence of
drugs.  The information provoking the
officer=s suspicions need not be based on his own personal observations, but
may be based on an informant=s tip which bears sufficient Aindicia of reliability@ to justify a stop.  Carmouche,
10 S.W.3d at 328.  A tip deserves great
weight if the tipster puts themself in a position to be held accountable for
the intervention.  State v. Stolte,
991 S.W.2d 336, 341 (Tex. App.CFort Worth 1999, no pet.). 
Furthermore, a person who is not connected with law enforcement or is
not a paid informant is considered inherently trustworthy when she advises the
police that she suspects criminal activity has occurred or is occurring.  Id. 









Here, the complainant,
Appellant=s mother,
gave her name to the police dispatcher and called the police to the location
where the incident occurred.  The
complainant informed the police dispatcher that she believed that Appellant was
on drugs.  When Officer Rose arrived at
the location, several people were outside frantically waiving their arms to get
her attention and direct her towards Appellant. 
From her prior experience, Officer Rose knew that domestic disturbance
calls often involve violence and that Appellant had resisted arrest at least
once before.  Officer Rose was able to
point to specific, articulable facts, which, combined with her rational inferences
from those facts led her to conclude that Appellant was or would soon be
engaged in criminal activity.  See
Ford, 158 S.W.3d at 492.  Viewing the
totality of the circumstances, we conclude that Officer Rose had reasonable
suspicion to detain Appellant.  

Officers may use such force
as is reasonably necessary to effect the goal of the stop: investigation,
maintenance of the status quo, or officer safety.  Rhodes v. State, 945 S.W.2d 115, 117
(Tex. Crim. App.), cert. denied, 522 U.S. 894 (1997).  Under certain circumstances, the handcuffing
of the subject may be appropriate, such as when it is necessary to thwart the
suspect=s attempt to frustrate further inquiry.  Id. 
Here, Officer Rose testified that she attempted to place Appellant in
handcuffs for her safety as an officer because Appellant was not following her
instructions to put the beer bottle down and she could tell by his mannerisms
and behavior that he was either going to run or fight.  At that point, Appellant initially yielded to
Officer Rose=s command to
stop; however, Appellant would not submit to her authority, and he began
running down the street.  See Morris
v. State, Nos. 07-04-0487-CR, 07-04-0504-CR, 2006 WL 684485, at *4 (Tex.
App.CAmarillo Mar. 16, 2006, no pet.) (holding that the appellant did not
submit to the officer=s show of
authority when he initially got down on the ground at the request of officers
but then attempted to crawl under a nearby vehicle).  Thus, Appellant was not detained at that
point.








Officer Rose chased
Appellant, yelled at him to stop, and attempted to push him down.  Appellant fell into a fence and grabbed onto
it, as though he was about to go over the fence.  At this point, Officer Rose was acting upon
her reasonable suspicion that Appellant had been engaging or soon would be
engaging in criminal activity.  Her
decision to knock Appellant down and handcuff him was reasonable under the
circumstances, in light of Appellant=s size in relation to her size, his sudden flight, his movement
towards his pockets, the time of night, the fact that she was called to a
domestic disturbance involving Appellant deflating the tires in a car, and the
report that he might have been on drugs. 
See Ford, 158 S.W.3d at 492-93.  

While Officer Rose was
struggling with Appellant, he apparently attempted to destroy the drugs in his
possession.  When Officer Rose saw the
drugs, she had probable cause to arrest Appellant for a suspected offense
committed in her presence.  See Tex. Code Crim. Proc. Ann. art.
14.01(a) (Vernon 2005) (permitting warrantless arrest when offense committed in
officer=s presence or within his view); Gaines v. State, 99 S.W.3d 660,
669 (Tex. App.CHouston
[14th Dist.] 2003, no pet.) (holding that during the investigatory detention,
reasonable suspicion ripened into probable cause when the officer determined
that the suspect was in possession of cocaine).








We hold that Officer Rose=s investigatory detention was based upon a reasonable suspicion, and
her subsequent arrest of Appellant was based upon probable cause.  Giving almost total deference to the trial
court=s findings of historical fact and viewing the evidence in the light
most favorable to the trial court=s ruling, we hold that the trial court did not err in overruling
Appellant=s motion to
suppress.  Accordingly, we overrule
Appellant=s sole
point. 

CONCLUSION

Having overruled Appellant=s sole point, we affirm the judgment of the trial court.

 

 

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
A:  CAYCE, C.J.; HOLMAN and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 8, 2006











[1]See Tex. R. App. P. 47.4.